## KERR v. WEATHERS *et al.*

No. 6102    Opinion Filed December 21, 1915.

(153 Pac. 866.)

1. **GUARDIAN AND WARD—Management of Estate—Investment of Funds.** A guardian is required to put on interest the moneys of his ward, unless the sum is so small that a prudent person would not seek an investment.

2. **APPEAL AND ERROR—Discretionary Ruling—Guardian and Ward—Investment of Funds.** Whether the funds in the hands of a guardian are sufficient to justify a prudent person in seeking an investment therefor is a question addressed to the sound discretion of the trial court, and his finding thereon should not be disturbed on appeal, unless it appears that this discretion has been abused.

3. **ALLOWANCE TO GUARDIAN.** Record examined, and held to disclose no reversible error on the part of the trial court.

(Syllabus by the Court.)

*Error from District Court, Muskogee County;*
*R. P. de Graffenreid, Judge.*

Proceedings between W. W. Kerr and J. S. Weathers, guardian of Ora and Gertrude Smith, minors, and others. From the judgment on appeal from county court, Kerr brings error. Affirmed.

*De Roos Bailey, J. E. Wyand,* and *Charles A. Moon,* for plaintiff in error.

*Homer Baughman,* for defendants in error.

KANE, C. J. The nature of this proceeding and the questions involved fully appear from the journal entry of judgment entered in the court below, which reads as follows:

"Now, on this, the 17th day of December, 1913, coming on to be heard in open court in its regular order the

above-entitled cause on appeal from the county court of Muskogee county, Okla., and W. W. Kerr appearing by his attorneys, Bailey, Wyand, and Moon, and J. S. Weathers, the present guardian, and said minors appearing by their attorney, Homer Baughman, both parties waived a jury and announced ready for trial; whereupon said cause was heard and determined upon the transcript in this cause from the county court, made and certified by the clerk thereof on the 20th day of October, 1913, and filed in this court on the 20th day of October, 1913. And the court, being fully advised, and after an examination thereof and argument of counsel, finds that this appeal is one brought to this court from the county court of Muskogee county, State of Oklahoma, by W. W. Kerr, former guardian of said minors, from an order of adjudication upon the final reports filed by said guardian and his bondsmen.

"The court further finds that the only exceptions raised by said W. W. Kerr to the order of said county court adjudicating his said final reports, and entered in said court on the 6th day of October, 1913, are that the said court, in passing upon the said reports with reference to the estate of Gertrude Smith, made a charge against said guardian for interest in the sum of $93.20, and refused to allow said guardian attorney's fees in the sum of $10 for preparing and filing his final report.

"The court further finds that said county court erred in charging said guardian the sum of $93.20 as interest, and in refusing to allow him the sum of $10 as attorney's fees in preparing and filing his final report in said cause, and finds that said guardian should only be charged with the sum of $40.76 interest to this day, and should be allowed the sum of $10 attorney's fees, and that there is now due from the said W. W. Kerr to the estate of the said Gertrude Smith, a minor, the sum of $272.56, and that same should bear interest from this date until paid at the rate of 6 per cent. per annum. . . . . . . .

"To all of which W. W. Kerr excepts.

"The court further finds that the exceptions raised to said order with reference to the estate of Ora Smith are that said county court erred in charging the guardian with the sum of $159.65 interest, and in refusing to allow him $10 for attorney's fees in the preparing and filing of his final report.

"The court finds that said county court erred in charging said guardian the sum of $159.65 interest, and that the amount of interest properly chargeable against said guardian to this day amounts to $138.94, and that said guardian should be allowed credit for $10 as attorney's fees for preparing and filing his final report, and that there is now due and payable from said guardian to the estate of said Ora Smith the sum of $1,208.59, and that sum should bear interest at the rate of 6 per cent. per annum from this day until paid. To all of which W. W. Kerr excepts.

"The court further finds that the said W. W. Kerr requested to be allowed as a credit the sum of $15 in each estate as attorney's fees for perfecting and presenting this appeal, but that the same should be refused, and it is hereby refused. To all of which the said W. W. Kerr excepts.

"The court further finds that the costs of this appeal should be taxed against the estates of Gertrude Smith and Ora Smith equally.

"It is therefore considered, ordered, and adjudged that the said W. W. Kerr is indebted to the estate of Gertrude Smith in the sum of $272.56, and that said sum draw interest from this date until paid at the rate of 6 per cent. per annum. To which the said W. W. Kerr excepts.

"It is further considered, ordered, and adjudged that the said W. W. Kerr is indebted to the estate of Ora Smith in the sum of $1,208.59, and that said sum bear interest at the rate of six per cent. per annum from this date until paid. To which the said W. W. Kerr excepts.

"Whereupon said W. W. Kerr files in open court his motion for a new trial, which, being heard by the court, is overruled, to which ruling he excepts and prays an appeal to the Supreme Court of Oklahoma, which is granted, and for good cause shown said W. W. Kerr is given 45 days from this day within which to prepare and serve case-made; amendments thereto to be made within ten days thereafter, same to be signed and settled upon five days' notice given by either party to the other; said appeal to be filed within the Supreme Court of the State of Oklahoma within six months from this day."

From this journal entry it appears that the grounds of complaint on the part of the guardian are: (1) That the court erred in settling his final report, and erred in requiring him to pay interest upon the funds of his wards in his hands; and (2) that the court erred in refusing to allow him certain attorney's fees.

The first assignment of error is predicated upon the assumption that the amount of money in the hands of the guardian was so small as not to warrant a prudent person in seeking an investment therefor. In support of this proposition counsel say:

"A guardian can only be charged with interest on funds belonging to a minor's estate when he neglects to loan them, and it cannot be considered neglect if a sum sufficient to meet contingent expenses be kept on hand, or if the sum is so small that a prudent person would not seek an investment."

*Knowlton v. Bradley,* 17 N. H. 458, 43 Am. Dec. 609, and *In re Klunck,* 33 Misc. Rep. 267, 68 N. Y. Supp. 629, are cited in support of this proposition.

We think the foregoing, as a general statement of the law, is sound, but whether the funds in the hands of a guardian are sufficient to justify a prudent person in

seeking an investment therefor is a question addressed to the sound discretion of the trial court, and his finding thereon should not be disturbed on appeal, unless it appears that this discretion has been abused. We see no evidence of any abuse of such discretion in the case before us.

The same rule also applies to the second proposition, in support of which counsel cite section 6552, Rev. Laws 1910, which provides:

"Every guardian must be allowed the amount of his reasonable expenses incurred in the execution of his trust, and he must also have such compensation for his services as the court in which his accounts are settled deems just and reasonable."

In our judgment, the compensation allowed the guardian, the interest charged against him, and the amount allowed him for attorney's fees are just and reasonable. We therefore see no reason for disturbing the action of the court below in the settlement of his accounts.

All the Justices concur.